## Welch v. First Pennsylvania Bank and Trust Company

*Jerome J. Verlin*, for plaintiffs.
*John Rogers Carroll*, for defendant Lord.

BULLOCK, *J.*, June, 1, 1979—Pursuant to agreement of counsel, the following issues were submitted to the court for disposition as matters of law following the verdict of the jury herein: (1) Is defendant, Charles A. Lord, Esq., entitled to have a 33½ percent contingent fee deducted from the jury awards to plaintiffs? and (2) Are plaintiffs entitled to interest on the jury awards, the said awards having been made in response to interrogatories as to plaintiffs' entitlement in 1971?

The court gave counsel for both sides an opportunity to file memoranda on the above issues within two weeks. We received a memorandum from plaintiffs, but not from defendant. After reviewing the memorandum received, it is our view that an attorney whose negligence results in the dismissal of a client's case is not entitled to have his contingent fee deducted in computation of the client's loss. The abandonment of a client's case without cause, we conclude, constitutes a breach of the professional contract and involves also abandonment of any right to receive compensation or to take ad-

vantage in any way of a contingent fee agreed upon but not earned. Consequently, plaintiffs herein are entitled to judgment for the full amount of the jury award.

With respect to interest in this case, unlike most jury awards, the award itself speaks as of the year 1971, which was mentioned in the interrogatory answered by the jury. Interest is, therefore, from that year. Defendant can hardly complain that the amount of damages has not heretofore been liquidated when his improper conduct, in breach of his agreement, caused the delay. We find interest due from September 1, 1971, the date of dismissal of plaintiffs' original suit.

We, therefore, enter the following

## ORDER

And now, June 1, 1979, pursuant to a jury award, an award is entered in favor of plaintiff, May E. Welch, against defendant Charles A. Lord, Esq. in the sum of $15,000, with interest from September 1, 1971. An award is also entered in favor of plaintiff, John H. Welch, against defendant Charles A. Lord, Esq. in the sum of $5,000, with interest from September 1, 1971.

Post-trial motions having been filed by defendant Charles A. Lord, Esq. the prothonotary is hereby authorized, upon praecipe, in the event said post-trial motions are denied, to enter judgment in favor of plaintiffs in accordance herewith and also to enter judgment in favor of defendant First Pennsylvania Bank & Trust Company, N.A., and Irene Richter, co-executors of the estate of Nathaniel B. Richter, deceased, and against plaintiffs.